Pearson, J.
 

 The lessor of the plaintiff produced a judgment and execution and the Sheriff’s deed to him as the best bidder. The defendant, who was a debtor in the execution and was in possession of the land, put his de-fence on the ground, that he held under a contract or certificate of purchase of Cherokee land, the title to which was not to be made
 
 untilpaid
 
 for, and that, inasmuch as he had no title, therefore he should be allowed to remain on and cultivate the land as belonging to the State.
 

 The rule, that a defendant in an execution is not allowed to dispute the title of the purchaser at Sheriff’s sale, is well settled, and although there may at times be a case of hardship, still as a general rule it has had a wholesome effect and tends greatly to discourage litigation, and to enhance the value of land sold under execution, by having it known that one, whose land has been sold by the Sheriff, has no right to continue in possession and dispute with the purchaser about title, provided the judgment and execution are in due form. We can see no sufficient ground for making an exception to the general rul® in the present case.
 
 Jordan
 
 v.
 
 Marsh,
 
 9 Ire. 234, has no application, for there the defendant had acquired a new possession under the paramount title of a prior purchaser at Sheriff’s sale.
 
 Deaver
 
 v.
 
 Parker, 2
 
 Ire. Eq. 40, in which it is held, that a purchaser of Cherokee land, who has not paid the State, has no such interest as can be sold under an execution so as to confer on the purchaser at Sheriff’s sale a right to call for the legal title, without having made payment to the State and when in truth the State was paid by the defendant in the execution after the sale by the Sheriff does not affect the principle, that, where a debtor is in possession of land, a purchaser of his interest
 
 *483
 
 at Sheriff’s sale has no right to take his place and to be let into possession, without any dispute as to title. Accordingly in
 
 Davis
 
 v.
 
 Evans,
 
 5 Ire. 525, it was held, that a purchaser of an equity of redemption, as against the mortgagor in possession, had a right to recover in ejectment, although the legal title was in the mortgagee, upon the ground, that the debtor in the execution was estopped, and, being in possession, was bound to give up the possession to the purchaser, and could not be heard to dispute upon the question of title.
 

 Per Curiam. Judgment reversed and
 
 venire de novo
 
 awarded.